UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Case Number: _____

Danielle Riddle,

              Plaintiff,

vs.

Bridgecrest Acceptance Corporation,

              Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Danielle Riddle, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Danielle Riddle ("Plaintiff"), is an adult individual residing in Daytona Beach, Florida, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "consumer," as defined by 559.55(2).

5. The Defendant, Bridgecrest Acceptance Corporation ("Bridgecrest"), is an Arizona business entity with an address of 7300 E. Hampton Avenue, Suite 101, Mesa, Arizona 85209, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "creditor" as defined by 559.55(3).

## FACTS

6. Within the last year, Bridgecrest began calling Plaintiff's cellular telephone, number 386-xxx-4598 in an attempt to collect an alleged debt.

7. Bridgecrest placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice.

8. When Plaintiff answered calls from Bridgecrest, she heard a prerecorded message and had to wait on the line to be connected to the next available representative or the call would be disconnected.

9. In or around February of 2022, Plaintiff spoke with a live representative and requested that Bridgecrest cease placing calls to her.

10. In complete disregard of Plaintiff's cease request, Bridgecrest continued to place automated calls to Plaintiff's cellular telephone number at an excessive and harassing rate.

11. Bridgecrest's actions caused Plaintiff a great deal of frustration, stress and anxiety.

## **COUNT I**

## **VIOLATIONS OF THE TCPA – 47 U.S.C. § 227,** *et. seq.*

12. The Plaintiff incorporates by reference Paragraphs 1-11 of this Complaint as though fully stated herein.

13. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an automated or prerecorded voice.

14. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

15. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

16. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

17. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

20. The Plaintiff incorporates by reference Paragraphs 1 through 11 of this Complaint as though fully stated herein.

21. The Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

22. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages pursuant to Fla Stat.§ 559.77;

D. Costs of litigation and reasonable attorney's fees pursuant to Fla. Stat. § 559.77 against the Defendant;

E. Punitive damages pursuant to Fla. Stat. § 559.77; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 2, 2022

Respectfully submitted,

By  */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
Florida Bar No. 1026228
Lemberg Law, LLC
11555 Heron Bay Boulevard, Suite 200
Coral Springs, FL 33076
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com